UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEXANDER MALTEZOS,

      Plaintiff,

-against-

HELLENIC REPUBLIC,
a/k/a, REPUBLIC OF GREECE,

      Defendant.
-----------------------------------------------------------X

**ORDER**
08-CV-00524 (SJF) (LB)

FEUERSTEIN, J.

  Plaintiff, Alexander Maltezos, appearing *pro se*, brings the instant action against the Hellenic Republic (the official name of the Republic of Greece) ("Defendant"), alleging that the Greek government wrongly confiscated materials that he shipped to Greece for his business operations, violating international treaties. He seeks fifty billion dollars in damages. (See Compl. at 2.) For the reasons set forth below, this action is dismissed.

I.  Background

  In January 2007, Plaintiff filed a complaint in this Court alleging the same claims presented herein against the same Defendant (hereinafter, the "2007 Action"). See Maltezos v. Hellenic Republic, No. 07-CV-0332 (SJF)(LB). The 2007 Action was transferred to the United States District Court for the Southern District of New York ("Southern District") on January 26, 2007. By Order dated October 10, 2001, pursuant to 28 U.S.C. § 1915, Plaintiff was barred from filing any new *in forma pauperis* actions in the Southern District without prior permission from

1

that Court. See Maltezos v. P.C. Richard & Son, No. 01-CV-2191 (MBM).

II. Judicial Notice of Southern District's Order

This Court takes judicial notice of the Southern District's October 10, 2001 Order barring Plaintiff from filing of any new *in forma pauperis* actions in that Court without first obtaining permission. Plaintiff cannot circumvent the Southern District's October 10, 2001 Order by commencing suit in this Court. Moreover, the proper venue for this action is the Southern District.

III. Venue

The address of the Hellenic Republic is the address of the Consulate General of Greece, which is located in the Southern District of New York at 69 East 79th Street, New York, New York. Plaintiff does not allege that any events occurred in this District. Pursuant to the venue statute, 28 U.S.C. § 1391, this Court would transfer this action to the Southern District since there is no connection to this District. See 28 U.S.C. § 1406(a) ("If an action is filed with the wrong district court, a court "shall dismiss or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought."). However, since Plaintiff is attempting to circumvent the Southern District's filing injunction of October 10, 2001, no interest of justice will be served by transferring the action to the Southern District.

Finally, even if the Court were not dismissing the action for improper venue, it would do so pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), as the case is frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

IV.  Conclusion

Accordingly, Plaintiff's Complaint is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mark this case closed.

**SO ORDERED.**

/ U
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
       April 8, 2008

Copies to:

Alexander Maltezos
271 Cadmen Plaza East
P.O. Box 24376
Brooklyn, NY 11201-4376

3